JEFFER MANGELS BUTLER & MITCHELL LLP
ROBERT B. KAPLAN (Bar No. 76950)
MARIANNE DICKSON (Bar No. 249737)
Two Embarcadero Center, 5th Floor
San Francisco, CA 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Attorneys for MECHANICS BANK

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

BARREL STOP WINERY, LLC, dba DOMINARI,

    Debtor and Debtor-in-Possession.

CASE NO. 11-12824

CHAPTER 11

**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**

[NO HEARING UNLESS REQUESTED]

    IT IS HEREBY STIPULATED BY AND BETWEEN Barrel Stop Winery, LLC, a California limited liability company (the "Debtor") and Mechanics Bank (the "Bank"), through their respective attorneys of record, as follows:

## RECITALS

    A.    On July 28, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code initiating the above-entitled Chapter 11 case (the "Case").

///

///

## The Loan Documents

B. On or about February 12, 2010, the Debtor made, executed, and delivered to the Bank that certain Promissory Note in the original principal sum of $3,366,084.00 (the "Note").

C. On or about February 12, 2010, Debtor made, executed, and delivered to the Bank that certain Business Loan Agreement which, <u>inter alia</u>, set forth the terms on which the Bank was willing to make the Loan to the Debtor as more specifically set forth therein (the "Loan Agreement").

D. In order to secure repayment of all outstanding Indebtedness owed by Debtor to the Bank and the performance of any and all obligations under the Note, the Loan Agreement, the Related Documents, and the Deed of Trust (as hereinafter defined) the Debtor, Jurgen W. Schutz, and Marie A. Schutz, as trustor, made, executed and delivered to Macdonald Auxiliary Corporation, as trustee, for the benefit of the Bank, as beneficiary, that certain first priority Deed of Trust dated February 12, 2010 (the "Deed of Trust"), with respect to the Property which includes the real property commonly known as 620 Trancas Street, Napa, California. The Deed of Trust also granted the Bank a continuing security interest in the Personal Property and Rents, as more specifically set forth therein. The Deed of Trust was recorded in the Official Records of the Napa County Recorder's Office on February 26, 2010, as instrument no. 2010-0004249.

E. In order to secure repayment of all outstanding Indebtedness owed by the Debtor to the Bank, the Debtor executed that certain Commercial Security Agreement dated as of August 10, 2007 ("Security Agreement") pursuant to which the Bank was granted a security interest in the Collateral, as more specifically set forth therein.

F. The Note, Loan Agreement, Deed of Trust, Security Agreement and all other documents executed by Debtor in favor of the Bank, are hereinafter collectively referred to as the "Loan Documents. All capitalized terms not otherwise defined in this Stipulation shall have the meanings ascribed to them in the Loan Documents.

## Events of Default Under the Loan Documents and State Court Action

G. The Bank contends that certain Events of Default have occurred under the terms of the Loan Documents.

H.   As a result of the occurrence of the alleged Events of Default under the Loan Documents, on December 22, 2010, the Bank accelerated all outstanding obligations owed by the Debtor to Bank under the Secured Loan Documents and demanded repayment thereof.

I.   On January 4, 2011, the Bank caused to be filed a complaint in the Contra Costa County Superior Court entitled <u>Mechanics Bank v. Barrel Stop Winery LLC et al.</u> (Case No. MSC11-00009) (the "Receivership Action") requesting the appointment of a receiver to take charge of the Property, Personal Property, and Collateral and collect the Rents as provided in the Loan Documents.

J.   The filing of the Case stayed the Bank's prosecution of the Receivership Action.

K.   The Bank recently attempted to dismiss the Receivership Action without prejudice so as to avoid incurring additional attorneys' fees and costs in responding and attending to bankruptcy status conference hearings in the Receivership Action during the pendency of the Case. However, the Contra Costa County Superior Court in the Receivership Action issued a correspondence memo (the "Correspondence Memo") stating that the Receivership Action could not be dismissed without relief from the automatic stay. A true and correct copy of the Correspondence Memo is attached hereto as **Exhibit A**.

L.   Debtor and the Bank consider it to be in their best interests and the best interest of the estate to enter into this Stipulation.

## STIPULATION

NOW COME and therefore, in consideration of the terms, conditions and provisions of this Stipulation and circumstances out of which this Stipulation arises, the parties stipulate, acknowledge and agree as follows:

1.   <u>Termination of the Automatic Stay</u>. Upon entry of an order of the Bankruptcy Court approving of this Stipulation ("Approval Order"), the Bank shall be relieved from the automatic stay in effect pursuant to 11 U.S.C. § 362 for the purpose of dismissing the Receivership Action without prejudice.

///

Case: 11-12824   Doc# 28-1   Filed: 08/31/11   Entered: 08/31/11 12:36:21   Page 3 of 10

STIPULATION FOR RELIEF FROM STAY

2. <u>Proposed Order</u>. The Bank and the Debtor shall request that the Court enter an order granting the Bank relief from the automatic stay to dismiss the Receivership Action in the form attached hereto as **Exhibit B**.

3. <u>Effective Date</u>. The Stipulation shall be effective upon the Court's entry of the Approval Order approving this Stipulation (hereinafter the "Effective Date") and the 14 day stay set forth in Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be inapplicable to this Order.

4. <u>Execution</u>. Any party executing this Stipulation in a representative capacity is duly authorized and empowered to do so. This Stipulation may be executed in original, electronic or facsimile signatures and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

5. <u>Binding on Successors</u>. This Stipulation shall be binding on the Bank, the Debtor, and any and all assigns and/or successors in interest to them.

6. <u>Counterpart</u>. This Stipulation may be executed in counterpart, originals, electronic signatures or facsimile, each of which taken together shall constitute one and the same instrument.

7. <u>Reservation of Rights</u>. This Stipulation is made with an express reservation of rights by the Debtor and the Bank to pursue any rights or remedies they may have under the Bankruptcy Code against each other which are not the subject of this Stipulation.

8. <u>Submission of Stipulation</u>. The Bank agrees to file a Motion with this Court to obtain approval of this Stipulation, and, in that regard, shall give such notice and opportunity to be heard as is required under the Federal Rules of Bankruptcy Procedure and other applicable law.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: August 30, 2011 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 2 | | ROBERT B. KAPLAN, ESQ. |
| | | MARIANNE M. DICKSON, ESQ. |

By: /s/ Marianne M. Dickson
    MARIANNE M. DICKSON, ESQ.
    Attorneys for MECHANICS BANK

DATED: August 30, 2011    /s/ Michael C. Fallon
MICHAEL C. FALLON, ESQ.
Attorneys for Debtor BARREL STOP WINERY, LLC, dba DOMINARI

# **EXHIBIT A**

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
725 COURT STREET
MARTINEZ, CA 94553
(925) 646-2950

CORRESPONDENCE MEMO

CASE TITLE: MECHANICS BANK VS BARRELL STOP WINERY, LLC
CIVIL
CASE NO. MSC11-00009

KEVIN W. CHEN
2 EMBARCADERO CENTER
5TH FLOOR
SAN FRANCISCO CA 94111

TO THE ABOVE NAMED PARTY:
WE CANNOT FILE/ISSUE YOUR REQUEST FOR DISMISSAL FILED BY
MECHANICS BANK FOR THE FOLLOWING REASON:

CASE IS STAYED DUE TO A FILING OF BANKRUPTCY. NO DISMISSAL CAN BE
FILED. THE ONLY THING THAT CAN BE FILED IS A MOTION TO LIFT THE STAY
AS RELATED TO THE BANKRUPTCY. THANK YOU.

DATE MAILED: 08/19/11    BY _____A. NUESTRO_____
                             A. NUESTRO, DEPUTY CLERK

   SUBMIT AN ORIGINAL AND ONE COPY OF DOCUMENTS AND ENCLOSE A SELF-
   ADDRESSED, STAMPED ENVELOPE FOR ANY COPIES.

EXHIBIT A

# EXHIBIT B

| | |
|---|---|
| 1 | JEFFER MANGELS BUTLER & MITCHELL LLP |
| | ROBERT B. KAPLAN (Bar No. 76950) |
| 2 | MARIANNE DICKSON (Bar No. 249737) |
| | Two Embarcadero Center, 5th Floor |
| 3 | San Francisco, CA 94111-3813 |
| | Telephone: (415) 398-8080 |
| 4 | Facsimile: (415) 398-5584 |
| 5 | Attorneys for MECHANICS BANK |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | In re | CASE NO. 11-12824 |
| 12 | BARREL STOP WINERY, LLC, dba DOMINARI, | CHAPTER 11 |
| 13 | | |
| 14 | Debtor and Debtor-in-Possession. | **ORDER GRANTING MOTION TO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY** |
| 15 | | [NO HEARING UNLESS REQUESTED] |

The Court, having considered the MOTION TO APPROVE STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY ("Motion")[1] filed herein by Mechanics ("Bank"), and notice thereof having been given regularly pursuant to Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and good cause appearing therefor:

IT IS HEREBY ORDERED that:

1. Bank's Motion is granted;

---

[1] All capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Motion and the Stipulation for Relief from the Automatic Stay.

- 1 -
ORDER APPROVING STIPULATION FOR RELIEF FROM STAY

Case: 11-12824   Doc# 28-1   Filed: 08/31/11   Entered: 08/31/11 12:36:21   Page 9 of 10

2. The Stipulation for Relief from the Automatic Stay, filed herein, which is incorporated herein by this reference as though set forth in full, is hereby approved; and

3. The Bank is relieved from the automatic stay to permit the Bank to dismiss the Receivership Action without prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the 14 day stay set forth in Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, is waived.

**END OF ORDER**